IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**DENNIS RAY RIGSBY, JR.**     )
                              )
        Plaintiff,     )
                              )
v.                            )     No. CIV 22-113-RAW-JAR
                              )
**FNU MARLER, et al.,**         )
                              )
        Defendants,    )

## OPINION AND ORDER
## DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Dennis Ray Rigsby, Jr., a state prisoner appearing pro se and seeking to bring a civil rights action, has filed a motion for leave to proceed *in forma pauperis* and supporting documentation, in conformance with 28 U.S.C. § 1915(a) (Dkts. 4, 10). A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "strikes" pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Rigsby v. Great State of Arkansas*, Case No. CIV-21-760-R, 2021 WL 4450009 (W.D. Okla. Sept. 28, 2021), the district court imposed a "strike" upon dismissal of Plaintiff's action pursuant to *Heck v. Humphrey* and the Eleventh Amendment, and for

failure to state a claim upon which relief can be granted. The Tenth Circuit Court of Appeals affirmed in Case No. 21-6132, 2022 WL 782659 (10th Cir. Mar. 15, 2022), finding that Plaintiff had accumulated at least three strikes and that "[a]s a result, going forward, Rigsby will not be permitted to proceed in any civil action or appeal without prepaying the filing fee unless he is under imminent danger of serious physical injury." *Id.*, 2022 WL 782659, at *3. The Tenth Circuit cited the following four cases as instances of prior strikes by Plaintiff:

> *Rigsby v. Marler*, No. CIV-21-316-G, 2021 WL 4787281 (W.D. Okla. Sept. 17, 2021) (dismissing action for failure to state a claim and Eleventh Amendment immunity), *appeal dismissed for lack of prosecution*, No. 21-6124, 2022 WL 1087013 (10th Cir. Feb. 8, 2022).
>
> *Rigsby v. City of Chicago*, No. CIV-21-666-R, 2021 WL 4302406 (W.D. Okla. Sept. 21, 2021) (dismissing action as barred by statute of limitations and Eleventh Amendment immunity), *appeal dismissed for lack of prosecution*, No. 21-6125, 2022 WL 1087015 (10th Cir. Feb. 8, 2022).
>
> *Rigsby v. Smith*, No. CIV-21-834-R, 2021 WL 4303769 (W.D. Okla. Sept. 21, 2021) (dismissing action on *Heck v. Humphrey* grounds and for failure to state a claim), *appeal dismissed for lack of prosecution*, No. 21-6131 (10th Cir. Feb. 8, 2022).
>
> *Rigsby v. Custer County, Oklahoma*, No. CIV-21-667-R, 2021 WL 4317152 (W.D. Okla. Sept. 22, 2021) (dismissing action based on the *Younger* doctrine, Eleventh Amendment immunity, and for failure to state a claim), *appeal dismissed for lack of prosecution*, No. 21-6130 (10th Cir. Feb. 8, 2022).

*Rigsby v. Great State of Arkansas*, No. 21-6132, 2021 WL 782659, at *3.

In addition, this Court has located the following cases filed by Plaintiff that constitute "strikes" under 28 U.S.C. § 1915(g):

> *Rigsby v. Advanced Corr. Med.*, No. CIV-21-573-R, 2021 WL 4301492 (W.D. Okla. Sept. 21, 2021) (dismissed for failure to state a claim upon which relief

can be granted).

*Rigsby v. Great State of Oklahoma*, No. CIV-21-575-R, 2021 WL 4301494 (W.D. Okla. Sept. 21, 2021) (dismissed for failure to state a claim and pursuant to Eleventh Amendment immunity).

*Rigsby v. Custer County*, No. CIV-21-576-R, 2021 WL 4301495 (W.D. Okla. Sept. 21, 2021) (denied based on the *Younger* abstention doctrine and for lack of jurisdiction), *appeal dismissed for lack of prosecution*, No. 21-6126, 2022 WL 1087014 (10th Cir. Feb. 8, 2022).

*Rigsby v. City of Chicago*, No. CIV-21-666-R, 2021 WL 4302406 (W.D. Okla. Sept. 21, 2021) (dismissed as barred by the statute of limitations and pursuant to the Eleventh Amendment), *appeal dismissed for lack of prosecution*, No. 21-6126, 2022 WL 1087015 (Feb. 8, 2022).

*Rigsby v. Custer County, Oklahoma*, No. CIV 21-667-R, 2021 WL 4317152 (W.D. Okla. Sept. 22, 2021) (dismissed pursuant to the *Younger* abstention doctrine, Eleventh Amendment immunity, and for failure to state a claim upon which relief may be granted), *appeal dismissed for lack of prosecution*, No. 21-6130 (10th Cir. Feb. 8, 2022).

*Rigsby v. Hope Cmty. Serv., Inc.*, No. CIV-21-916-R, 2021 WL 4430866 (W.D. Okla. Sept. 27, 2021) (dismissed because the defendants were not state actors).

Plaintiff alleges in his complaint:

> I was in prison and had an injury before i was in prison from Oklahoma County Jail. I tryed to get my right to medical help from Doctor Marler when i was housed in A-1-14 in McAlester prison. Marler said he cant get me help. I have cognative issues from my injury that i should not be released to the public with and was where my mother passed on.

(Dkt. 1 at 5) (spelling and syntax in original).

Plaintiff's complaint is unclear, however, the Court construes it liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). He apparently is claiming he murdered his mother, Judy

Ruth Mullin. *Id*. at 6. He contends his conviction was wrongful, because he was unable to obtain medical treatment for his "cognition issues." *Id*. He is asking for relief in the form of (1) a change of the name of the State of Oklahoma to "Ruth"; (2) requiring prison doctors to respond to inmates' "cognitive/thinking problems"; (3) $20,000 to each of Judy Ruth Mullin's brothers, sisters, children, and grandchildren; (4) provision of legal counsel to complete the prison grievance process for inmates; and (5) a medical specialist for spinal cord/back injuries. *Id.* at 16-18.

Because Plaintiff has three or more strikes, and he has not shown he is under imminent danger of serious physical injury, Plaintiff's motion for leave to proceed in forma pauperis is DENIED. *See* 28 U.S.C. § 1915(g).

**ACCORDINGLY,** Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 4) is DENIED. Plaintiff is directed to forward the **$350.00** filing fee and the **$50.00** administrative fee, pursuant to 28 U.S.C. § 1914 and the District Court Fee Schedule, to the Court Clerk within twenty (20) days. The agency having custody of Plaintiff is ordered to release funds from his accounts, including Plaintiff's trust account, for payment of the filing fee. The Court Clerk is directed to sent a copy of this Opinion and Order to the trust fund officer at Plaintiff's facility.

**IT IS SO ORDERED** this 28th day of June 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

4