IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                  ) | No. CIV 22-113-RAW-JAR |
| ) | |
| **FNU MARLER, et al.,** ) | |
| ) | |
| Defendants, ) | |

**OPINION AND ORDER**

On June 28, 2022, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* in this action, because he had accumulated at least three prior civil actions that counted as "prior occasions" or "strikes" under 28 U.S.C. § 1915(g), and he had not shown he was "under imminent danger of serious physical injury," *id*. (Dkt. 11). He was directed to pay the entire filing and administrative fees, but he failed to comply. (Dkt. 16). On August 23, 2022, this action was dismissed without prejudice and judgment was entered for Plaintiff's failure to pay the fees as directed. (Dkts. 16, 17).

On September 19, 2022, Plaintiff filed a "motion to present to the court the truths to not injustice dismiss the above case," which was docketed as a motion for reconsideration of the judgment (Dkt. 18). The motion references an order (without a case number) allegedly signed by Magistrate Judge Amanda Maxfield Green,[1] ordering him to make monthly payments for a filing fee. *Id.* at 1. Plaintiff also makes the following statements:

a) #1 Plaintiff has never refused to pay that "<u>ORDER</u>" of this transfered case from

---

[1] Magistrate Judge Amanda Maxfield Green is at the United States District Court for the Western District of Oklahoma. See https://www.okwd.uscourts.gov.

the western district of Oklahoma.[2]

b) No "EXCUSE" of a due process proves my "<u>RIGHTS</u>"' where not violated.

c) Plaintiff has a Amendment 1 "RIGHT" to a redress of grievances due him (me) by mother born in the United States Judy Ruth Mullin[1st] Date of Birth XX/XX/1953 After Death in Pampa Texas and father Dennis Ray Rigsby[1st] in the Grate State of Kansas plaintiffs jus sanguinis! [redacted]

d) Plaintiff has a RIGHT to Amendment 1 a redress of grievances by his jus soli Date of Birth XX/XX/1983 After Death in the Grate State of California Social Secerity number XXX-XX-3782 [redacted].

e) In the pledge of alligiances of the United States of America plaintiff demands his "Justice for All" in Article VI. of the United States Constitution. . . .

(Dkt. 18 at 1-2) (spelling and syntax in original).

Plaintiff continues that under the Constitution, his human rights cannot be violated. He further asserts that "If there being no national secerity risk to give me my rights to litagation/Jury plainitff will not give up my rights to justice . . ." *Id*. at 2 (spelling in original).

Construing Plaintiff's motion liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds the motion for reconsideration is a motion to alter or amend this Court's judgment pursuant to Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). "[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir.

---

[2] This case was not transferred from the Western District. It was filed in this Court on April 11, 2022. (Dkt. 1).

2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

Here, the Court finds Plaintiff has failed to meet any of the requirements for relief under Rule 59(e). To the extent his motion may be asserting he was denied the right to bring a lawsuit, he is wrong. Pursuant to Rule 3.2 of this Court's Local Civil Rules, the filing fee is required for all civil actions. Filing *in forma pauperis* without prepayment of the full filing fee, however, is restricted when a prisoner has filed an excessive number of civil actions or appeals that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," and the prisoner cannot show he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As set forth in the Court's Opinion and Order Denying Leave to Proceed *In Forma Pauperis* (Dkt. 11), Plaintiff clearly is not eligible to proceed in this lawsuit without prepayment of the fees.

**ACCORDINGLY,** Plaintiff's motion for reconsideration (Dkt. 18) is construed as a motion to alter or amend this Court's judgment pursuant to Fed. R. Civ. P. 59(e), and the motion is DENIED.

**IT IS SO ORDERED** this 1st day of November, 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA